**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MOSES,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM.DEDC LLC, et al.,<br><br>Defendants. | Civil Action No. 16-8675 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Keith Tanis, Amanda Hummel, Carla Marshall, William Werner, Taylor Mele, Scott Taylor, Christopher Nixon (collectively, "Individual Defendants"), and Amazon.com.dedc LLC's ("Amazon") (collectively, "Defendants") Motion to Dismiss pro se Plaintiff John Moses's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4), (b)(5), and (b)(6). (ECF No. 75.) Plaintiff opposed (ECF No. 77), and Defendants replied (ECF No. 80). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion.

### I.  BACKGROUND[1]

Plaintiff filed a Complaint on November 21, 2016 against Amazon, Keith Tanis, Amanda Hummel, Carla Marshall, "Area Manager Bill," "Area Manager Taylor," and "Area Manager

---

[1] The Court sets forth only the background necessary to decide the instant Motion to Dismiss.

Scott." (Compl. ¶¶ 2–8, ECF No. 1.) On November 28, 2016, Plaintiff filed an Amended Complaint that additionally named "HLCT Christopher AKA Chris." (Am. Compl. ¶ 9, ECF No. 4.) The Clerk issued summonses for the named defendants. (ECF No. 5.) Plaintiff attempted to serve the summonses upon Amazon. (Return of Summons, ECF No. 6.)

Amazon waived service and answered Plaintiff's Amended Complaint on January 3, 2017. (Amazon's Answer, ECF No. 9.) Amazon stated that the "remaining defendants have not been properly served with service and do not waive or otherwise appear herein." (*Id.* at 1 n.1.)

On July 23, 2017, Plaintiff requested discovery for the addresses of several individuals, including named defendant Carla Marshall. (*See* July 23, 2017 Correspondence, ECF No. 32 at *73–74.)[2] On February 5, 2019, the Honorable Douglas E. Arpert, U.S.M.J., ordered that fact discovery would conclude by March 1, 2019. (Feb. 5, 2019 Order, ECF No. 59.) The case was briefly terminated pending Plaintiff's deposition of an Amazon representative. (Feb. 13, 2019 Order, ECF No. 60.)

On April 10, 2019, Judge Arpert ordered Amazon to "provide Plaintiff with the last known addresses of the [I]ndividual Defendants within 10 days." (Apr. 10, 2019 Order, ECF No. 66.) On April 19, 2019, Amazon provided Plaintiff with the home addresses of the Individual Defendants. (Pl.'s Opp'n Br. Ex. G, ECF No. 77-1.) On April 25, 2019, Plaintiff requested the Clerk reissue summonses for Individual Defendants (ECF No. 68), which the Clerk did that same day (ECF No. 69). Plaintiff returned the certificates of service for all Individual Defendants on May 3, 2019. (ECF No. 70.) Copies of the summonses were blank in the space designated for Plaintiff's name and address. *Id.*

---

[2] Page numbers preceded by an asterisk denote the page number on the ECF header.

2

Amazon and Individual Defendants jointly filed the instant motion to dismiss Plaintiff's Amended Complaint on May 31, 2019. (ECF No. 75.) Individual Defendants moved to dismiss for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (b)(5). Amazon separately moved to dismiss Counts One, Two, and Three against it pursuant to Rule 12(b)(6).

## II.  LEGAL STANDARD[3]

### A.  Rules 12(b)(4) and (b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.

Federal Rule of Civil Procedure 4 establishes the procedural requirements that must be met for proper service under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Upon a showing of good cause for the delay by the plaintiff, the court "must extend the time for service for an appropriate period." *Id.* "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). "A pro se plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply . . . ." *Sykes v. Blockbuster Inc./Viacom*, No. 04-6260, 2006 WL

---

[3] The Court omits the legal standard for motions pursuant to Rule 12(b)(6) because it finds Amazon's motion not properly before the Court.

3

286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).

### III. DISCUSSION

#### A. Process Was Insufficient for Individual Defendants.

Pursuant to Federal Rule of Civil Procedure 4(a)(1)(c), a summons must "state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff." Summonses issued by the Clerk provide a space to enter this information, which follows the direction that a defendant's "answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are . . . ." (Summons, ECF No. 69.) Plaintiff's returned summonses for the Individual Defendants fail to state Plaintiff's address in the space provided. (*See* Certificate of Service, ECF No. 70.) Accordingly, process was insufficient for Individual Defendants.

#### B. Service of Process Was Insufficient for Individual Defendants.

If a defendant is not served within ninety days of the filing of the complaint, a court must dismiss the action against that defendant or order that the time for service be extended. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for failure to properly serve the defendant, a court must "extend the time for service for an appropriate period." *Id.* If a plaintiff fails to show good cause, extending time for service is within the discretion of the court. *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610 (D.N.J. 2002).

Plaintiff's Amended Complaint was filed on November 28, 2016. (ECF No. 4). Plaintiff served Individual Defendants on April 30, 2019, long after the ninety-day deadline under Rule 4(m). (*See* Acknowledgment of Service, ECF No. 70.) Accordingly, service of process was insufficient.

In determining whether a plaintiff demonstrates good cause for failure to properly serve the defendant, a court considers three factors: (1) the reasonableness of the plaintiff's effort to

4

serve; (2) the prejudice to the defendants by lack of timely service; and (3) whether the plaintiff moved for an extension of the time to serve. *Scipio v. Vitec Videocom*, No. 15-7776, 2017 WL 2901331, at *3 (D.N.J. July 6, 2017) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). A plaintiff has the burden of demonstrating good cause. *Id.*

The Court finds Plaintiff has not demonstrated a reasonable effort to serve Individual Defendants. Plaintiff explains the untimely service as due to "delay[s] in [Defendants'] lawyer not turning over the addresses of the [Individual Defendants]"; "a delay in getting the Court to see [Defendants'] lawyer['s] tactic of withholding the addresses of the [Individual Defendants]"; and "a delay in finding the appropriate process server." (Pl.'s Opp'n Br. 19, ECF No. 77.) Although Plaintiff served Individual Defendants after receiving their addresses, Plaintiff fails to demonstrate a reasonable effort to serve Individual Defendants or obtain their addresses during the ninety-day service window following the filing of his Amended Complaint. Plaintiff asserts that he made repeated requests for the addresses of Individual Defendants, but the first record of Plaintiff's request for the address of any of the Individual Defendants was a discovery request dated July 23, 2017—after the ninety-day deadline to serve the Amended Complaint expired. (*See* July 23, 2017 Correspondence, ECF No. 32 at *73–74.) Here, Plaintiff's attempts to obtain the addresses of Individual Defendants do not amount to a reasonable effort to serve Individual Defendants because by then Plaintiff's efforts were untimely.

The Court also finds that Individual Defendants would face prejudice if joined in the action now. Fact discovery in this matter was scheduled to conclude before Plaintiff served Individual Defendants. (*See* Feb. 5, 2019 Order, ECF No. 59.) Individual Defendants would face prejudice joining the action over three years after Plaintiff filed his Amended Complaint, after the statute of

limitations has run on Plaintiff's claims,[4] and after the conclusion of discovery. Finally, because Plaintiff has not moved for an extension of the time to effect service, the Court finds that Plaintiff has failed to demonstrate good cause for the delay in serving Individual Defendants.

The Court, accordingly, has the discretion to dismiss this action without prejudice against Individual Defendants or order Plaintiff to effect proper service of process upon Individual Defendants within a certain time. *See Garlanger*, 223 F. Supp. 2d at 610. The Court finds good cause to dismiss without prejudice Plaintiff's claims against Individual Defendants for insufficient process and insufficient service of process.

### C. Amazon's Motion to Dismiss for Failure to State a Claim Is Untimely.

Amazon moves separately from the Individual Defendants to dismiss Counts One, Two, and Three under Rule 12(b)(6), asserting that Plaintiff's group-pleading of Defendants fails to put Amazon on notice of the conduct alleged against it. (*See* Defs.' Moving Br. 16, ECF No. 75-1.)

"A motion asserting any [Rule 12(b) defense] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Amazon answered Plaintiff's Amended Complaint on January 3, 2017. Amazon moved to dismiss Counts One, Two, and Three under Rule 12(b)(6) on May 31, 2019. Because Amazon did not assert its Rule 12(b)(6) defense prior to its answer, its Rule 12(b)(6) motion is untimely. *See* Fed. R. Civ. P. 12(b); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1361 (3d ed.) ("A strict interpretation . . . leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late."). The Court does not deem Amazon's Rule 12(b)(6)

---

[4] The statute of limitations on Plaintiff's Title VII claims is ninety days following the receipt of a right-to-sue letter from the EEOC. *Moses v. Home Depot Inc.*, No. 16-2400, 2017 WL 2784710, at *6 (D.N.J. June 27, 2017) (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986)). The statute of limitations on Plaintiff's NJLAD claims is two years after the alleged acts. *Montells v. Haynes*, 627 A.2d 654, 659–60 (1993).

defense waived, *see* Fed. R. Civ. P. 12(h)(2), but the Court finds no good cause to consider an untimely Rule 12(b)(6) motion at this stage of the litigation.[5] The Court, accordingly, dismisses Amazon's Rule 12(b)(6) motion.

## IV. CONCLUSION

The Court finds that process and service of process were insufficient for Individual Defendants and dismisses all Counts against Individual Defendants. The Court denies Amazon's motion to dismiss Counts One, Two, and Three.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[5] Courts "have allowed untimely motions if the defense has been previously included in the answer." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1361 (3d ed.); *see, e.g., Thurlow v. York Hosp.*, No. 16-179, 2017 WL 90345, at *3 n.3 (D. Me. Jan. 10, 2017) (permitting Rule 12(b)(6) motion filed twenty-one days after answer). In its Answer, Amazon asserts that Plaintiff's "Complaint, in whole or in part, fails to state a claim on which relief can be granted." (Answer, Separate Defenses ¶ 1, ECF No. 9.) Amazon, however, does not address the timeliness of its Rule 12(b)(6) motion in its briefing or show good cause to justify the Court's consideration of its Rule 12(b)(6) motion filed two and one-half years after its answer. (*See* Defs.' Moving Br. 16.)